**2022 UT App 122**

# THE UTAH COURT OF APPEALS

STEPHANIE THAYNE,
Appellee,
*v.*
DEVIN THAYNE,
Appellant.

Opinion
No. 20200598-CA
Filed November 3, 2022

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 204900701

Devin Thayne, Appellant Pro Se

David C. Blum, Attorney for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Opinion, in which
JUDGE GREGORY K. ORME and JUSTICE JILL M. POHLMAN
concurred.[1]

BENCH, Senior Judge:

¶1    Devin Thayne appeals the district court's order granting
Stephanie Thayne's motion to dismiss his petition to modify child
and spousal support. We agree with the reasoning of the district
court and affirm.

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(7).
Justice Jill M. Pohlman began her work on this case as a member
of the Utah Court of Appeals. She became a member of the Utah
Supreme Court thereafter and completed her work on the case
sitting by special assignment as authorized by law. *See generally
id.* R. 3-108(4).

## BACKGROUND

¶2   Devin and Stephanie[2] were married in June 2010 and separated in April 2019. At the time of their separation, the parties lived in California, and their divorce proceedings therefore commenced in California. As part of their divorce proceedings, a hearing was held on December 10, 2019. At the hearing, the parties came to an agreement regarding custody and visitation schedules of their three minor children, and the court entered a stipulation and order addressing those issues that same day. At this time, both parties were anticipating a relocation to Utah, and the stipulation recognized this "period of transition" and noted, "Further order as to custody will be addressed in Utah . . . if necessary."

¶3   At the December hearing, the parties also stipulated as to other issues, including property division, spousal support, and child support. This stipulation mentioned the impending move to Utah and the likelihood that, due to the move, "[Devin's] annual income of $141,000 will decrease to approximately $90,000–$100,00 per year." The stipulation also provided that Devin would pay $840 per month in spousal support, beginning January 1, 2020, and continuing for, at most, only four years (roughly half the length of the nearly nine-year marriage), and that Stephanie was "to make reasonable efforts to become self-supporting within a reasonable period of time." Additionally, the stipulation provided that Devin would maintain health insurance for the children and that "upon [Stephanie's] employment," she would also provide health insurance for the children "if available at no or reasonable cost through her employment."

---

2. Because the parties have the same last name, we refer to them by their first names for clarity, with no disrespect intended by the apparent informality.

¶4    The parties did, as planned, move to Utah in December 2019, and Devin's income did resultingly drop to $90,000. Thereafter, on February 18, 2020, the California court entered a judgment of dissolution (the Judgment). The Judgment incorporated the parties' stipulations made at the December hearing and finalized the divorce.

¶5    About two months later, on April 22, 2020, Devin filed a petition to modify the Judgment in Utah. Devin argued that "his dramatic reduction in income" amounted to a "substantial and material change in circumstances" that warranted a change to the previously ordered spousal support and child support amounts. Devin argued the changes were also warranted by a change in Stephanie's income, stating, "[U]pon information and belief, Stephanie has initiated employment or other means to generate a regular and consistent income." Additionally, Devin's petition to modify raised issues surrounding the mechanics of the children's visitation, arguing that the Judgment "fails to detail how the parties are to exchange the minor children" considering that the two older children were in school and the youngest child was not yet school-aged. He requested that he be allowed to return all three children in the morning instead of having to wait to return the youngest child at noon, as provided for in the Judgment.

¶6    Stephanie responded with a motion to dismiss or, alternatively, a motion for summary judgment. She argued that Devin's petition to modify rested on changes in circumstances that were foreseeable when the Judgment was entered and that, therefore, his petition must be dismissed.

¶7    The district court granted Stephanie's motion to dismiss in its entirety. The court determined that there was no indication that the Judgment was not already calculated based on Devin's anticipated reduction in salary to $90,000–$100,00 per year. The court explained,

> The order was finalized and entered after the move and the initial payments were set to be made while the parties already were to live in Utah. It stretches the imagination of the Court to the breaking point to believe that the California court would enter an order fully expecting income to have dropped before even the first payment would be made.

As to spousal support, the court recognized that "differences in earning potential . . . should be given some weight in fashioning the support award" and that this factor was presumptively already considered by the California court making the award. (Quotation simplified.) And as to visitation, the court pointed out that the issue was addressed in the Judgment, which specifically provided that the children would be delivered "at school or if no school at noon." The court therefore determined that it did not find a "significant *unforeseen* change in circumstances" to support modification. (Emphasis added.) Devin now appeals.

### ISSUE AND STANDARD OF REVIEW

¶8 Devin argues that the district court erroneously dismissed his petition to modify, which dismissal was based on its determination that the facts alleged in the petition did not show an unforeseen substantial change in circumstances that would warrant modification. "We review a decision granting a motion to dismiss for correctness, granting no deference to the decision of the district court." *Miller v. Miller*, 2020 UT App 171, ¶ 10, 480 P.3d 341 (quotation simplified).[3]

---

3. Although we review the grant of a motion to dismiss for correctness, "the determination of the trial court that there has or has not been a substantial change of circumstances is presumed

(continued…)

## ANALYSIS

¶9 A party may seek changes to an award of spousal or child support when there has been a substantial change of circumstances not addressed in the divorce decree. *See* Utah Code Ann. § 30-3-5(11)(a) (LexisNexis Supp. 2022) ("The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not expressly stated in the divorce decree or in the findings that the court entered at the time of the divorce decree."); *id.* § 78B-12-210(9)(a) ("A parent, legal guardian, or the office may at any time petition the court to adjust the amount of a child support order if there has been a substantial change in circumstances."). But the changes in circumstances that Devin raises in his petition that have occurred since the stipulation was drafted in December 2019—namely, his decreased income and Stephanie's availability for employment—were foreseen and addressed in that stipulation. Furthermore, these changes in circumstances that Devin raises had already occurred by the time the Judgment incorporating that stipulation was eventually entered in February 2020.

¶10 The Judgment orders Devin to pay "child support in the amount of $2,160 per month" and "spousal support in the amount of $840 per month" commencing in January 2020, shortly after

---

valid, and we review the ruling under an abuse of discretion standard," *Doyle v. Doyle*, 2009 UT App 306, ¶ 7, 221 P.3d 888 (quotation simplified), *aff'd*, 2011 UT 42, 258 P.3d 553. Thus, "this seems to be a case where deferential and correctness standards appear to intersect." *Miller v. Miller*, 2020 UT App 171, ¶ 10 n.5, 480 P.3d 341 (quotation simplified). Nonetheless, the parties agree we should review the dismissal for correctness, so "we assume without deciding that correctness is the appropriate standard of review to apply to the district court's . . . dismissal in this context." *Id.*

relocation. And in the same section, the Judgment clearly recognizes Devin's impending income reduction: "[Devin] anticipates that [his] annual income of $141,000 will decrease to approximately $90,000–$100,000 per year due to the relocation of himself and his employment from California to Utah." Thus, the Judgment anticipated Devin's lowered income, and we agree with the district court that it is implausible that the California court would have made support awards based on Devin's old income when it recognized that a much lower income would be in effect before any payments became due.

¶11 This same support section of the Judgment also anticipates Stephanie's future employment. The Judgment limits the maximum length of spousal support to four years[4] and states, "[Stephanie] is placed under a *Gavron Admonition* to make reasonable efforts to become self-supporting within a reasonable period of time."[5] Further, the Judgment clarifies that "upon

---

4. We agree with Devin that the district court miscalculated the length of the spousal support award. The court remarked that the award was "limited to a term of three years (less than one third the length of the marriage)," but spousal support was actually awarded for four years, which is under one-half the length of the marriage. Nonetheless, we do not see that this error in calculation impacted the district court's decision in a material way. The court ultimately determined that the award's duration was reasonable because it "was for less than half of the length of marriage," and this characterization is still accurate with the four-year calculation.

5. A *Gavron* admonition or *Gavron* warning has its roots in the case *In re Marriage of Gavron*, 250 Cal. Rptr. 148 (Ct. App. 1988), wherein the California Court of Appeal observed the California Legislature's intent "that all supported spouses who were able to do so should seek employment" and its expectation "that courts

(continued…)

[Stephanie's] employment[,] [she] shall obtain health insurance for the parties['] minor children if available at no or reasonable cost through her employment." In fact, even Devin's petition to modify recognized that the Judgment addresses Stephanie's future employment:

> [U]pon information and belief, Stephanie has initiated employment or other means to generate a regular and consistent income. Indeed, the Judgment indicates Stephanie was required to make efforts to secure full-time employment. As such, Stephanie either has secured regular employment or now possesses the ability to secure gainful full-time employment. At a minimum, Stephanie should be imputed income at a reasonable amount considering her education, training, certificates, employment history, and any other factors reasonably considered by the Court.

---

would issue orders encouraging these spouses to seek employment and to work toward becoming self-supporting," to set forth the policy that "there should [be] some reasonable advance warning that after an appropriate period of time the supported spouse [is] expected to become self-sufficient or face onerous legal and financial consequences." *Id.* at 152–53 (quotations simplified). In marriages of less than ten years, the appropriate period of time to become self-sufficient "generally shall be one-half the length of the marriage." Cal. Fam. Code § 4320(*l*) (West 2019). Here, with the given *Gavron* admonition, spousal support was awarded for a maximum of four years—less than half the length of the parties' nearly nine-year marriage.

So Stephanie's return to employment was clearly anticipated in the Judgment.[6]

¶12 Thus, the Judgment addressed both the anticipated drop in Devin's income and the possibility of Stephanie's return to employment and accounted for them when ordering child and spousal support amounts. And therefore, these employment changes do not amount to unanticipated changes that would warrant a modification of the support amounts. Therefore, we see no error in the district court's determination that even when viewing the alleged facts in Devin's favor, no substantial change in circumstances had occurred that was not addressed in the Judgment; and consequently, we see no error in the dismissal of Devin's petition to modify.

¶13 Devin, however, points to language in the stipulation that he argues implies that the Judgment was "a very loose order intended only to last until more was known in Utah." First, he points to a general provision at the close of the Judgment stating, "The issues of child custody and visitation, child support and spousal support are transferred to the county in which the parties' minor children will be residing in Utah effective immediately upon entry of this judgment." But we do not agree that this language is an indication that the support awards should be revisited upon relocation; instead, where the parties had already relocated upon entry of the Judgment, the language simply demonstrates an awareness that any unanticipated issues or changes of circumstances that might arise in the future (in the

---

6. Although Devin argues on appeal that "[i]t is possible that [Stephanie] is making even more money than [he is]," the grounds in his petition to modify were simply that Stephanie had quickly returned to employment (or at least had the ability to do so). The petition does not allege that she has secured a level of employment that would have been unanticipated based on her earning potential as it existed at the time of the Judgment.

nearly fifteen years before the children would all become adults) would be appropriately dealt with in Utah instead of California.

¶14 Second, Devin relies on language in the child custody stipulation that mentions relocation and then states, "Further orders as to custody will be addressed in Utah upon parties' move, if necessary." However, this mention (and in particular its "if necessary" limitation) simply clarifies what would happen if changes were warranted in the future and is not an indication that the California court expected the divorce decree to be modified upon relocation. Furthermore, this reference specifically mentions only the modification of child custody, which is largely unrelated to the income changes raised in Devin's petition to modify.

¶15 Third, Devin points to the Judgment's failure to address the issue of how the children would be claimed on the parties' taxes as evidence that the Judgment was intended to be only temporary. But, again, this omission does not suggest that the California court expected that its support awards would be recalculated upon arrival in Utah.

¶16 Devin also raises contract principles to argue that the intent of the parties regarding future modification should have been considered by the district court when determining if modification was appropriate. But even assuming the intent of the parties would be relevant, there was no ambiguity in the stipulated agreement suggesting that immediate modification was intended after relocation to Utah, nor was there any indication that this remained an open question. Although Devin tries to introduce additional materials that he argues show such an intention, even under contract principles those materials would not be considered because of the unambiguous nature of the parties'

stipulation.[7] *See Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 16, 52 P.3d 1179 ("When interpreting a contract, a court first looks to the contract's four corners to determine the parties' intentions, which are controlling. If the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contract's meaning, and a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." (quotation simplified)).[8]

---

7. Because these additional materials would not have been considered in any event, we need not address the district court's rulings that they were inadmissible on hearsay and other grounds. We do, however, note that the materials are far from showing a clear shared intent between the parties for a modification upon arrival in Utah.

8. Devin makes a brief argument that the district court "did not acknowledge the additional burden placed on [him] by having one child in kindergarten and one in 3rd grade" and argues that a modification to the drop-off time of the youngest child is warranted. But again, Devin has not shown a material or substantial change in circumstances that would support modification of the decree. *See generally* Utah Code Ann. § 30-3-10.4(1) (LexisNexis 2019) (allowing modification of a child custody order when circumstances "have materially and substantially changed since the entry of the order to be modified"). First, the ages of the children have always been known, and the objectionable visitation term was stipulated to when some of the parties' children attended school and some did not. Second, although Devin argues on appeal that he must "spend hours . . . shuffling kids to/from school at different times," he argued before the district court only that a change was warranted "given the distance between the parties' respective

(continued…)

CONCLUSION

¶17    We do not see an error in the district court's determination that the changes in circumstances Devin raises were already addressed by the original Judgment. And as a result, we see no error in the court's denial of Devin's petition to modify.[9] We therefore affirm.

————————

residences," without providing any information as to the length of the commute or how that compared to the arrangement before relocation. Thus, we see no change in circumstances presented to the district court that would have supported a change to this visitation provision.

9. Stephanie seeks an award of attorney fees under rule 33 of the Utah Rules of Appellate Procedure. *See* Utah R. App. P. 33(a) (allowing an award of reasonable attorney fees where an appeal "is either frivolous or for delay"). Although Devin's appeal was unsuccessful, we do not see that it rises to the level of frivolous and warrants sanctions under rule 33. We therefore deny Stephanie's request for an award of attorney fees.